**YI MEI YANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–1036–ag.**

United States Court of Appeals, Second Circuit.

Nov. 14, 2006.

---

Peter D. Lobel, New York, NY, for Petitioner.

Catherine L. Hanaway, United States Attorney for the Eastern District of Missouri, Stephen S. Davis, Assistant United States Attorney, St. Louis, MO, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Yi Mei Yang, a native and citizen of China, seeks review of a February 7, 2006 order of the BIA affirming the September 17, 2004 decision of Immigration Judge ("IJ") Sandy K. Hom denying her applications for asylum and withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Yi Mei Yang,* No. A 98 279 410 (BIA February 7, 2006), *aff'g* No. A98 279 410 (Immig. Ct. N.Y. City September 17, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process

was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

In her brief to this Court, Yang has not challenged the IJ's finding with regard to her claim of a well-founded fear of persecution for leaving China without permission, or the IJ's denial of her claim for withholding of removal or CAT. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir. 2005).

Yang, who has two sons born in the United States, claims that she fears future persecution and sterilization if returned to China. The IJ and the BIA found that Yang had failed to establish a well-founded fear of persecution, because Yang had failed to demonstrate that Chinese nationals who have children while living abroad are subject to the same penalties as those living in China. Much of the evidence discussed by the IJ and the BIA is familiar to both the immigration court and this court, including the "oft-cited Aird affidavit," *see Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006), and the 2004 United States Department of State Profile of Asylum Claims and Country Conditions in China, which concludes that parents of foreign-born children are generally not subject to sterilization.

However, Yang also submitted two additional documents: 2003 decisions from the Changle City Family–Planning Administration and the Fujian Province Department of Family–Planning Administration which explicitly address the sanctions applicable to Chinese nationals who have given birth while living abroad. These documents indicate that a foreign-born child will be treated as a Chinese national for family planning enforcement purposes, and that, upon resettlement, Chinese citizens with foreign-born children will be sanctioned according to family planning rules and regulations, as enforced at the local level. *See Shou Yung Guo v. Gonzales,* 463 F.3d 109, 115 (2d Cir.2006) (finding these documents so "self-evidently material" to petitioner's claim of future persecution that the BIA abused its discretion by failing to give them explicit consideration on a motion to reopen). Yang is from Fujian province, and these documents are clearly material to her claim, yet it does not appear that either the IJ or the BIA ever considered them. "Where the immigration court fails to consider important evidence supporting a petitioner's claim, we are deprived of the ability adequately to review the claim and must vacate the decision and remand for further proceedings." *Chen v. Gonzales,* 417 F.3d 268, 275 (2d Cir.2005) (quotation marks omitted). Accordingly, we remand to the BIA for further consideration of all of the evidence before it.

For the foregoing reasons, the petition for review is GRANTED. Having completed our review, Yang's pending motion for a stay of removal in this petition is DENIED as moot.